CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

NOV 14 2014

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RUDOLPH TRAVERS, | Civil Action No. 3:14-CV-00015 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| | By: Hon. Glen E. Conrad |
| RAPPAHANNOCK RAPIDAN | Chief United States District Judge |
| COMMUNITY SERVICES, | |
| Defendant. | |

This matter is presently before the court on the plaintiff's motion for leave to file a second amended complaint, Docket No. 23. For the following reasons, that motion will be granted.

**Factual and Procedural Background**

Plaintiff Rudolph Travers, proceeding pro se, filed his original complaint in the Circuit Court for Culpeper County, Virginia on April 4, 2014. In this complaint, Travers alleged that his employer, Defendant Rappahannock Rapidan Community Services ("RRCS"), failed to pay him overtime, in "violation of provision[s] of both state law, and the federal wage-and-hour law." Compl. ¶ 4, Notice of Removal Ex. A, Docket No. 1. On April 29, 2014, RRCS removed the case to this court based on its federal question jurisdiction. See 28 U.S.C. § 1331. In so doing, RRCS assumed that Travers' complaint was based on "an alleged violation of the Fair Labor Standards Act of 1938 [(FLSA)], 29 U.S.C. § 2001 et. seq." Notice of Removal ¶ 4, Docket No. 1.

Following removal, RRCS filed a motion to dismiss for failure to state a claim on May 5, 2014, Docket No. 5. In response, Travers, who continued to represent himself, filed a document that expanded on his initial claims, which the court construed as an amended complaint, Docket No. 13. Travers also filed a response in opposition to RRCS's motion to dismiss, Docket No. 14. RRCS then filed a supplemental motion to dismiss, Docket No. 16, to which Travers responded

on June 20, 2014, Docket No. 19. A hearing on RRCS's motion to dismiss was scheduled for August 15, 2014. Before that date, however, Travers requested that the court postpone the hearing for a short time while he obtained legal representation. See Docket No. 20.

On September 24, 2014, Travers, through his newly-obtained counsel, filed the instant motion for leave to file a second amended complaint, Docket No. 23. The proposed second amended complaint "is brought as a collective action…on behalf of [Travers] and all other persons who are or have been employed by [RRCS] as group home counselor employees." Proposed Second Am. Compl. ¶ 2, Docket 23-1. The proposed amended complaint alleges that RRCS failed to pay Travers and other similarly-situated group home counselors "overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each work week," in violation of the §216(b) of the FLSA. Id. at ¶ 41. The complaint also sets forth state law claims for breach of contract or, in the alternative, quantum meruit. See id. at ¶¶ 51-58. RRCS filed a response and brief in opposition to Travers' motion on September 30, 2014, Docket No. 24. Travers, by counsel, replied on October 7, 2014, Docket No. 26. On October 23, 2014, the parties informed the court that they wished to forgo oral argument on this issue, so the matter is now ripe for the court's review.

## Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that, once a responsive pleading has been served, a plaintiff must seek leave of court in order to amend his complaint. See Fed. R. Civ. P. 15(a). Although the decision regarding whether to allow a plaintiff to amend "rests within the sound discretion of the district court," Medigen of Kentucky, Inc. v. Pub. Serv. Comm'n, 985 F.2d 164, 167 (4th Cir. 1993), Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by

2

a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman, 371 U.S. at 182). RRCS argues that Travers should not be permitted to amend his complaint here, both because he has caused "numerous delays" to RRCS's detriment, and because the amendment is futile in any event. The court will consider each argument in turn.

Travers' actions in this case were not purposefully dilatory or prejudicial. Travers, proceeding pro se, responded in a timely manner to each motion filed in this court. A short delay occurred only when Travers – who likely found himself perplexed and overwhelmed by the intricacies of federal practice – wisely sought legal representation in this matter. "Delay alone…is an insufficient reason to deny the plaintiff's motion to amend." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). There is no evidence suggesting that Travers acted in bad faith here. RRCS will not be prejudiced by this amendment, as it raises no new facts. See id. ("An amendment is not prejudicial…if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). RRCS is certainly aware of the allegations underlying the complaint; indeed, it was RRCS who initially characterized Travers' pro se complaint as arising under the FLSA in order to facilitate its removal to this court. RRCS also will not be prejudiced by the timing of the amendment, as the parties have not yet begun formal discovery. Absent any showing bad faith or

3

prejudice, Travers should be permitted to amend his complaint.

RRCS contends, however, that Travers' amendment would be futile, because the proposed second amended complaint fails to state a claim upon which relief can be granted. The court is constrained to disagree. Under Rule 15, "[l]eave to amend…should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. That is not the case here. The proposed second amended complaint contains numerous specific factual allegations that go beyond "threadbare recitals of the elements of [each] cause of action" set forth therein. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see, e.g., Second Am. Compl. ¶¶ 14, 16-21, 23-29, 51-52. These allegations are not overtly fanciful or farfetched. Based on the face of the proposed amendment alone, therefore, the court cannot conclude that permitting Travers to amend his complaint would be futile here.

## Conclusion

For the reasons stated, Travers' motion for leave to file a second amended complaint is granted, and the second amended complaint will be docketed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 14th day of November, 2014.

_____
Chief United States District Judge